United States District Court
Southern District of Texas

**ENTERED**

May 18, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **GLORIA GONZALES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | Civil Action No. 7:25-CV-00253 |
| | § | |
| **MERIDIAN SECURITY INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Gloria Gonzales owns a home in Mission, Texas, that sustained storm damage in April 2023. (Dkt. No. 23 at 3). Defendant Meridian Security Insurance Company ("Meridian") insured the home. (*Id.*). The Parties dispute both the amount of loss and whether portions of the damage are covered by the insurance policy. Pending before the Court is Gonzales's Motion to Compel Appraisal and Abate Proceedings. (Dkt. No. 23). For the following reasons, the Court **GRANTS** the Motion to Compel Appraisal and **GRANTS in part** the Motion to Abate. (*Id.*).

I.    **BACKGROUND**

Gonzales reported a wind and hail claim to Meridian after the April 2023 storm. (*Id.*). Meridian inspected the property and partially denied Gonzales's claim. (*Id.*). Dissatisfied, Gonzales hired a different contractor to prepare another estimate, which was submitted to Meridian in March 2024. (*Id.*). Meridian did not agree with either the estimate's scope or valuation. (*Id.*).

On February 26, 2025, David Gonzales[1] sued Meridian in state court in Hidalgo County for breach of contract, Texas Insurance Code violations, breach of the duty of good faith and fair dealing, Texas Deceptive Trade Practice Act violations, fraud, conspiracy to commit fraud, and responsibility/ratification for acts of agents. (Dkt. No. 1 at 1–2); (Dkt. No. 1-2 at 17–24). On May 21, 2025, the Parties unsuccessfully mediated the dispute. (Dkt. No. 23 at 3–4). On May 27, 2025, Meridian answered, (Dkt. No. 1 at 1), and later removed the case to this Court under diversity jurisdiction, (*id.* at 2).

On August 26, 2025, the Parties filed a Joint Discovery/Case Management Plan. (Dkt. No. 8). In it, both sides expressed a willingness to pursue further mediation after exchanging discovery and expert disclosures. (Dkt. No. 8 at 7).

The insurance policy contains an appraisal clause allowing either party to demand appraisal of disputed loss amounts. (Dkt. No. 23-1). Gonzales invoked appraisal on February 24, 2026. (Dkt. No. 23-2). Meridian refused to participate in appraisal on March 11, 2026. (Dkt. No. 23-3). Gonzales now moves to compel appraisal. (Dkt. No. 23). Meridian responded, opposing appraisal. (Dkt. No. 24).

## II.    LEGAL STANDARD

"[F]ederal courts sitting in diversity apply state substantive law and federal procedural law." *Nat'l Liab. & Fire Ins. v. R&R Marine, Inc.*, 756 F.3d 825, 834 (5th Cir. 2014) (quoting *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211, 2219,

---

[1]    David Gonzales, the original plaintiff, died in November 2025. (Dkt. No. 14). Gloria Gonzales, his wife and the representative of his estate, was substituted as Plaintiff. (Dkt. No. 18).

135 L.Ed.2d 659 (1996)).  Accordingly, this Court applies "the substantive insurance law of Texas."  *Int'l Ins. v. RSR Corp.*, 426 F.3d 281, 291 (5th Cir. 2005).

"An insurance policy is a contract that establishes the respective rights and obligations to which an insurer and its insured have mutually agreed . . . ."  *In re Farmers Tex. Cnty. Mut. Ins.*, 621 S.W.3d 261, 270 (Tex. 2021) (orig. proceeding) (quoting *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 488 (Tex. 2018)).  Policies are construed in the same manner as any other contract.  *Menchaca*, 545 S.W.3d at 488.  Appraisal clauses are included in most insurance policies as a way of resolving disputes over the amount of covered losses.  *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888–89 (Tex. 2009).  "These clauses are generally enforceable, absent illegality or waiver."  *In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d 404, 407 (Tex. 2011) (orig. proceeding).

## III.   DISCUSSION

Meridian does not dispute that Gonzales's insurance policy provides that either party may invoke appraisal.  (Dkt. No. 24 at 2).  Instead, Meridian argues that Gonzales has waived her right to appraisal, appraisal is inappropriate due to coverage issues, and abatement of the case is unwarranted.  (*See generally id.*).  The Court addresses each argument in turn.

### A.   WAIVER OF APPRAISAL

To establish waiver, a party must show: (1) an impasse in negotiations; (2) an unreasonable delay in invoking appraisal after that impasse; and (3) resulting prejudice.  *Universal Underwriters*, 345 S.W.3d at 407–12.  The party asserting waiver bears the burden.  *In re Allstate Vehicle & Prop. Ins.*, 549 S.W.3d 881, 889 (Tex. App.—Fort Worth

2018, orig. proceeding) (citing *Universal Underwriters*, 345 S.W.3d at 411).  An impasse requires "a mutual understanding that neither will negotiate further" and the parties are aware of the futility of further negotiations.  *Universal Underwriters*, 345 S.W.3d at 409–10.

Meridian contends that the Parties reached an impasse when the mediation failed on May 21, 2025.  (Dkt. No. 24 at 2); (*see also* Dkt. No. 23 at 3–4).  The record does not support that claim.

The Parties did not reach a mutual understanding that further negotiations would be futile after the failed mediation.  To be sure, absent information about parties' opinions regarding later negotiations, a failed mediation can certainly signal an unwillingness to negotiate.  *See Gonzalez v. Allstate Tex. Lloyds*, No. 7:19-CV-00137, 2020 WL 520769, at *5 (S.D. Tex. Jan. 31, 2020).  But three months after the failed mediation here, the Parties represented that they were willing to further discuss settlement:

> Plaintiff remains open to further settlement discussions and is amendable to engaging in mediation again if Defendant demonstrates a genuine willingness to negotiate in good faith. . . . Meridian is agreeable to attending mediation at a future time and place, but Meridian believes that the exchange of documents and expert disclosures are necessary in order for the Parties to further engage in meaningful mediation of the case.  As the case progresses, counsel will continue to discuss the most effective timing and form of mediation.  Meridian believes that mediation would be the most effective alternative dispute resolution technique.

(Dkt. No. 8 at 7).  These statements directly negate Meridian's contention that the failed mediation constituted an impasse in negotiations.  The Court therefore finds that no impasse occurred on May 21, 2025.  Neither Party offers any alternative impasse date, nor

4

is one readily apparent from the record.  Accordingly, Meridian has not met its burden to establish that an impasse occurred, and it is not entitled to the waiver defense.[2]

### B.    COVERAGE DISPUTE

Meridian argues that appraisal is improper because the case presents a coverage dispute.  (Dkt. No. 24 at 2–6).  Meridian, however, concedes that the case also involves a dispute over the amount of losses.  (*Id.* at 3 ("[T]his case presents much more a coverage dispute, in addition to a pricing dispute.")).

"Unless the 'amount of loss' will never be needed . . . appraisals should generally go forward without preemptive intervention by the courts."  *Johnson*, 290 S.W.3d at 895.  Indeed, "an insured cannot avoid appraisal because there might be a coverage or causation question that exceeds the scope of appraisal."  *Glenbrook Patiohome Owners Ass'n v. Lexington Ins. Co.*, No. 4:10-CV-02929, 2011 WL 666517, at *6 (S.D. Tex. Feb. 14, 2011) (citing *Johnson*, 290 S.W.3d at 895); *see also In re Acceptance Indemnity Ins. Co.*, 562 S.W.3d 645, 654 (Tex. App. — San Antonio 2018, orig. proceeding) ("[B]oth [parties] are bound by the valuation set by the appraisers . . . and [the insurer] retains the right to deny coverage and the [insureds] retain the right to sue.").

---

[2]    Because Meridian's waiver defense fails on the impasse element, the Court need not address delay or prejudice.  However, to the extent Meridian argues that it was prejudiced by having to "engag[e] in a joint case management plan and scheduling orders" and "exchang[e] written discovery with Meridian," it conceded that such efforts would be necessary for future mediations.  (Dkt. No. 8 at 7).  Meridian fails to reconcile how performing the same tasks it previously deemed necessary now constitutes prejudice.

Valuation issues exist.  Meridian acknowledges as much.  (Dkt. No. 24 at 3).  Because the Parties dispute the amount of loss, Meridian's coverage defenses do not bar enforcement of the appraisal provision.

### C.   ABATEMENT

 "[W]hen a dispute involves both coverage and valuation disputes, a court should stay the valuation portion of the case and proceed with the coverage portion."  *Dike v. Valley Forge Ins. Co.*, 797 F.Supp.2d 777, 786 (S.D. Tex. 2011) (citing *Glenbrook Patiohome*, 2011 WL 666517, at *10); s*ee also Molzan, Inc. v. United Fire & Cas. Co.*, No. 4:09-CV-01045, 2009 WL 2215092 (S.D. Tex. 2009) (staying valuation portion of litigation).  As discussed above, *see supra* III(B), the case involves issues of both coverage and loss valuation.  Accordingly, the Court stays the loss-valuation portion of the litigation, while the coverage portion of the litigation may proceed.

## IV.   CONCLUSION

Considering the foregoing analysis, the Court **GRANTS** Gonzales's Motion to Compel Appraisal.  (Dkt. No. 23).  The Court **GRANTS** the Motion to Abate as to the loss-valuation portion of the litigation pending completion of appraisal and **DENIES** the Motion as to the coverage portion of the litigation.  (*Id.*).

It is further **ORDERED** that the Parties shall file a joint status report within 14 days after appraisal is completed.

It is further **ORDERED** that, regardless of whether appraisal has been completed, the Parties shall also file a joint status report 120 days from the date of this Order.

Alternatively, the Parties may file a stipulation of dismissal that complies with Federal Rule of Civil Procedure 41(a)(1)(A)(ii) before the 120-day deadline.

It is SO ORDERED.

Signed on May 15, 2026.

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**